UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VALERIE MAKO, on behalf of herself, individually,
and on behalf of all others similarly-situated,

                                             Plaintiff,

       -against-

LINDA RICHARDS INC., and LINDA BARRY a/k/a
LINDA BRETTI, individually, and FRANK
BRETTI, individually,

                                             Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 19-cv-02660

**Jury Trial Demanded**

VALERIE MAKO ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against LINDA RICHARDS INC., ("Linda Richards"), and LINDA BARRY, also known as LINDA BRETTI, individually (hereinafter referred to as "Barry"), and FRANK BRETTI, individually ("Bretti"), (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.     This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the

1

NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a women's clothing boutique located in Westchester, its President, and its Chief Executive Officer - - as an "Office Logistics Coordinator" from October 22, 2018 until December 7, 2018. As described below, throughout Plaintiff's employment, Defendants intentionally failed to pay Plaintiff overtime wages for her hours worked in a week over forty in violation of the FLSA and the NYLL. Specifically, despite Plaintiff working in excess of forty hours per week, Defendants paid Plaintiff a weekly salary, which was intended to cover only the first forty hours that she worked per week, and thus failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate for any hours that she worked per week in excess of forty.

3. Furthermore, also in violation of the NYLL, Defendants failed to provide Plaintiff with accurate wage statements on each payday throughout her employment or with an accurate wage notice at the time of her hire.

4. Defendants paid and treated all of their non-managerial employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant Linda Richards was a New York corporation with its principal place of business located at 114 Pearl Street, Port Chester, New York 10573.

10. At all relevant times herein, Defendant Barry was and is the President and Defendant Bretti was and is the Chief Executive Officer of Defendant Linda Richards, and Defendants Barry and Bretti are also siblings. In those roles, Defendants Barry and Bretti were together responsible for overseeing all of the day-to-day operations of Defendant Linda Richards, including managing all of Linda Richards's employees, including all matters with respect to determining employees' rates and methods of pay and hours worked, distributing work duties, and the hiring and firing of employees, including Plaintiff. In fact, Defendant Barry directly supervised Plaintiff and determined her daily job assignments, while Defendant Bretti hired and fired Plaintiff and set her rate of pay.

11. Additionally, Defendants were and are "employers" within the meaning of the FLSA and the NYLL, as all or most of Defendants' employees, including Plaintiff and FLSA

Plaintiffs, while based in New York, personally engaged in interstate commerce by, on a daily basis, interacting with customers and clients from out-of-state in processing purchase orders and customer returns, which individually subjects Defendants to the FLSA's overtime requirements with respect to any such employee who engaged in interstate commerce.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees who during the applicable FLSA limitations period performed any work for Defendants, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that is legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant Linda Richards is a New York corporation, which as described above, operates a women's clothing boutique in Westchester.

17. Defendants Barry and Bretti, as detailed above, together run the business on a daily basis.

18. On October 4, 2018, Defendant Bretti, on behalf of Defendants, hired Plaintiff to work for Defendants as an "Office Logistics Coordinator." Plaintiff worked for Defendants in that role from October 22, 2018 until December 7, 2018.

19. As an "Office Logistics Coordinator," Plaintiff's primary duties consisted of processing accounts receivable, production orders, and returns for customers, many of whom resided out-of-state. Plaintiff performed these tasks for Defendants at their office located in Port Chester, New York.

20. Throughout her employment, Defendants required Plaintiff to work, and Plaintiff did work, five days per week, from as early as 8:00 or 8:30 a.m. to as late as 6:30 or 7:00 p.m. each day, without an uninterrupted break period, for a total of between fifty and fifty-five hours per week.

21. Throughout her employment, Defendants paid Plaintiff a fixed weekly salary of $865.38, regardless of the amount of hours that Plaintiff worked in a week.

22. Thus, at no time during her employment did Defendants provide Plaintiff with overtime compensation at the rate of time and one-half her regular rate of pay for any hours that she worked in a week in excess of forty.

23. By way of example only, during the week of December 3 through December 9, 2018, Plaintiff's last week of work, Defendants required Plaintiff to work, and Plaintiff did work, five days, Monday to Friday, from 8:15 a.m. until 6:30 p.m., for a total of 51.25 hours of work. Defendants paid Plaintiff $865.38 for her work that week and did not pay her overtime compensation at the rate of time and one-half her regular rate of pay for her hours worked in excess of forty.

24. Throughout her employment, Defendants paid Plaintiff on a biweekly basis.

25. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, Plaintiff's actual hours worked for that workweek or her regular or overtime rates of pay for all hours worked.

26. Additionally, upon hire, Defendants failed to provide Plaintiff with a wage notice that accurately listed, *inter alia*, Plaintiff's rates of pay and the basis thereof (e.g. hourly, daily, per shift).

27. Defendants treated Plaintiff and all FLSA Plaintiffs in the same manner described herein.

28. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

29. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

30. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

34. Defendants willfully violated the FLSA.

35. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

36. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

37. Plaintiff, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff that opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

40. As also described above, Plaintiff, and any FLSA Plaintiff that opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

41. Plaintiff, and any FLSA Plaintiff that opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff, and any FLSA Plaintiff that opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

43. Plaintiff, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

45. As described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff that opts-in to this action, with wage statements that accurately contained all of the criteria required under the NYLL.

46. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

47. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

48. Plaintiff, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

50. As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff that opts-in to this action, with a wage notice at hire that accurately contained all of the criteria required under the NYLL.

51. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

52. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

53. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participating in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      g.      Designation of Plaintiff and her counsel as collective action representatives under the FLSA;

      h.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i.      Pre-judgment and post-judgment interest, as provided by law; and

      j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: March 25, 2019
       Garden City, New York

                                  Respectfully submitted,

                                  BORRELLI & ASSOCIATES, P.L.L.C.
                                  *Attorneys for Plaintiff*
                                  910 Franklin Avenue, Suite 200
                                  Garden City, New York 11530
                                  Tel. (516) 248-5550
                                  Fax. (516) 248-6027

                                  _____
                                  ALEXANDER T. COLEMAN, ESQ. (AC 1717)
                                  MICHAEL J. BORRELLI, ESQ. (MB 8533)